IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BILLY G. ASEMANI, #339096 | : | Civil Action No. RDB-07-1615 |
| Petitioner | : | |
| v. | : | |
| THE GOVERNMENT OF ISLAMIC REPUBLIC OF IRAN, et al. | : | |
| | : | |
| Respondents | | |

oo0Ooo

**MEMORANDUM OPINION**

Pending is a *pro se* complaint brought pursuant to the Anti-Terrorism Act ("ATA") by Billy G. Asemani, a prisoner confined at the Maryland Correctional Institution, Hagerstown. Plaintiff, a native of Iran, alleges that he was tortured and his property confiscated by Defendants on an unspecified date. It is unclear what relief Plaintiff is requesting. Plaintiff's Motion to Proceed in Forma Pauperis will be granted for the purpose of preliminary review, but the Petition will be dismissed without prejudice.

**I. Analysis**

Federal district judges have discretion under 28 U.S.C. §1915 to screen cases filed by *pro se* plaintiffs. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Under *Neitzke,* a complaint may be dismissed under §1915(e) if it lacks an arguable basis either in law or in fact. *See Neitze,* 490 U.S. at 325. This complaint satisfies the standard for dismissal as Plaintiff does not demonstrate that he has standing to proceed under the Anti-Terrorism Act.

The Anti-Terrorism Act ("ATA") provides:

> Any national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees.

18 U.S.C. §2333

> The ATA contains the following definitions:
>
> (1) the term "international terrorism" means activities that--
> (A) involve violent acts or acts dangerous to human life that are a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the jurisdiction of the United States or of any State;
> (B) appear to be intended--
>> (i) to intimidate or coerce a civilian population;
>> (ii) to influence the policy of a government by intimidation or coercion; or
>> (iii) to affect the conduct of a government by assassination or kidnapping; and
>
> (C) occur primarily outside the territorial jurisdiction of the United States, or transcend national boundaries in terms of the means by which they are accomplished, the persons they appear intended to intimidate or coerce, or the locale in which their perpetrators operate or seek asylum.
>
> (2) the term "national of the United States" has the meaning given such term in section 101(a)(22) of the Immigration and Nationality Act;

18 U.S.C. §2331.

Plaintiff fails to demonstrate that he qualifies as a "national" of the United States as defined under the ATA so that he has standing to bring this action. As proof that he is a national of the United States, Plaintiff references the decision in *Asemani v. The Islamic Republic of Iran, et al.*, 266 F. Supp. 2d 24, 26 (2003). In that opinion, the United States District Court for the District of Columbia explicitly denied Asemani's motion for a judicial declaration of nationality. Instead, that district court determined Asemani a "national" only for the purpose of the Foreign Sovereign Immunities Act, 28 U.S.C. §1605(a)(7). *See id.* at 26. Petitioner's subsequent efforts to obtain a judicial declaration of nationality for immigration purposes have been unsuccessful. *See Asemani*

*v. Attorney General of the United States, et al.,* 140 Fed. Appx. 368 (3rd Cir. 2005); *Asemani v. Chertoff,* Civil Action No. RDB-05-1773 (D. Md. 2005); *Asemani v. U.S. Bureau of Immigration and Customs Enforcement*, Civil Action No. RDB-05-987 (D. Md. 2005); *Asemani v. Rice*, 2005 WL 1903560 (D.D.C. 2005); *Asemani v. Ridge, et al.*, 2004 WL 2244542 (E.D. Pa. 2004); *Asemani v. Ridge, et al.*, 2004 WL 834729 (E.D. Pa. 2004).

**II. Conclusion**

Plaintiff fails to demonstrate that he has standing to bring this action. Accordingly, the Complaint will be dismissed without prejudice by separate Order.

June 26, 2007  /s/
Date  RICHARD D. BENNETT
 UNITED STATES DISTRICT JUDGE